67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TONGASS ALASKA GIRL SCOUT COUNCIL, INC., an Alaska nonprofit
corporation, Plaintiff-Appellant,
v.
The CAPE FOX CORPORATION, an Alaska corporation, Defendant-Appellee.
 No. 94-36177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1995.
Decided Sept. 18, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 In 1960, the Tongass Alaska Girl Scout Council ("Girl Scouts") acquired an annual renewable special use permit from the Forest Service to occupy 4.7 acres of land on the White River, near the city of Ketchikan. The Girl Scouts erected five wooden structures on this site that they used for camping. During the ensuing years, the Girl Scouts used this camp very infrequently. They did not use the camp at all in five of the last seven years of their permit (1970, 1971, 1972, 1975, and 1976). In 1973 they used the camp for 12 days. The Girl Scouts let their use permit expire at the end of 1976. The Girl Scouts informed the Forest Service that the site was not adequate for their needs, and that they were not interested in renewing their permit. The Forest Service accordingly cancelled the 1977 bill for the permit, and informed the Girl Scouts that they had one year in which to remove their dilapidated structures.
 
 
 3
 Meanwhile, on December 18, 1971, Congress enacted the Alaska Native Claims Settlement Act ("ANCSA" or "the Act"). Cape Fox Corporation ("Cape Fox"), a Native Village Corporation, selected the White River lands in question, pursuant to the Act sometime between 1974 and 1976. On May 18, 1979, Cape Fox received an interim conveyance of the lands from the Government. In early 1993, the Girl Scouts requested a reconveyance of the disputed lands from Cape Fox. The Girl Scouts argued that they were entitled to the disputed five acres as a nonprofit organization under 43 U.S.C. Sec. 1613(c)(2). Cape Fox disagreed, however, and refused to reconvey the land.
 
 
 4
 It is undisputed that the Girl Scouts did not occupy the lands in question at the time Cape Fox received its patent in 1979. Cape Fox argues that this renders the Girl Scouts ineligible for a reconveyance. The Girl Scouts filed the current complaint in May 1993.
 
 
 5
 Considering motions for summary judgment from both parties, a Magistrate Judge recommended summary judgment in favor of Cape Fox. The District Court agreed, and granted Cape Fox's motion for summary judgment on July 18, 1994. It then reaffirmed its judgment on September 30, 1994. The Girl Scouts appeal that decision. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 
 6
 This court reviews the district court's grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 7
 The Girl Scouts argue that they are entitled to a reconveyance under 43 U.S.C. Sec. 1613(c)(2). Section 1613(c) provides:
 
 
 8
 Patent requirements; order of conveyance; vesting date; advisory and appellate functions of Regional Corporations on sales, leases or other transactions prior to final commitment.
 
 
 9
 Each patent issued pursuant to subsections (a) and (b) shall be subject to the requirements of this subsection. Upon receipt of a patent or patents:
 
 
 10
 * * *
 
 
 11
 (2) the Village Corporation shall then convey to the occupant, either without consideration or upon payment of an amount not in excess of fair market value, determined as of the date of initial occupancy and without regard to any improvements thereon, title to the surface estate in any tract occupied as of December 18, 1971 by a nonprofit organization.
 
 
 12
 The Girl Scouts argue that Congress, in section 1613(c)(2), legislatively vested reconveyance rights in all nonprofit organizations that occupied lands on December 18, 1971. Accordingly, they argue that they need not have maintained occupancy, or valid existing rights under section 1613(g),[1] beyond the 1971 date in order to maintain their vested right in the property in question.
 
 
 13
 Cape Fox responds that the plain meaning of the statute indicates that a claimant must be an occupant at the time of the original conveyance to the Village Corporation, as well as in 1971.
 
 
 14
 In Buettner v. Kavilco, 860 F.2d 341, 343 (9th Cir.1988), we stated that "[t]he plain language of ANCSA Sec. 1613(c)(1) requires conveyance of title to the surface estate to anyone occupying the land 'as a primary place of residence' as of the magic date of December 18, 1971." There is no dispute that the Girl Scouts occupied the land in question on this date. However, the Girl Scouts subsequently relinquished their permit. We hold that the Girl Scouts are not entitled to a reconveyance because they voluntarily relinquished any claim they may have had to the White River lands by voluntarily relinquishing their use permit and by completely, and inarguably, abandoning the property.
 
 CONCLUSION
 
 15
 For the foregoing reason, we affirm the judgment of the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 43 U.S.C. Sec. 1613(g) mandates that all conveyances pursuant to the Act are subject to "valid existing rights," such as leases, permits, etc